FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

APR 5 2007

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANDREW MOORE, | : PRISONER CIVIL RIGHTS |
|    Plaintiff, | : 42 U.S.C. § 1983 |
| | : |
| v. | : |
| | : |
| THE ATLANTA JOURNAL | : CIVIL ACTION NO. |
| CONSTITUTION, | : 1:07-CV-0569-TWT |
| GRACIE BONDS STAPLES, | : |
| Editor for the Atlanta Journal | : |
| Constitution, | : |
|    Defendants. | : |

## ORDER AND OPINION

Plaintiff, Andrew Moore, confined in the United States Penitentiary in Atlanta, Georgia, has filed the instant civil action (docketed by the Clerk of Court as a civil rights action) without prepayment of the $350.00 filing fee, other fees, or security therefor. (Doc. No. 1.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter now is before the Court for screening under 28 U.S.C. § 1915(e)(2).

### I.  28 U.S.C. § 1915(e)(2) Standard

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court shall dismiss an in forma pauperis action if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## II. Discussion

Plaintiff brings this action against the Atlanta Journal Constitution and Gracie Bonds Staples, the newspaper's editor. (Doc. No. 1 at 1.) Plaintiff claims that the Atlanta Journal Constitution published an article, "Pimped at 12: Anna reclaims dreams," concerning a case he was "not convicted for" and charges for which he was "totally innocent." (Id. at 6.) Plaintiff complains that he is now, among other things, "seeing a psychologist because of the depressed state of mind this false article has placed [him] in." (Id. at 6-7.) Plaintiff has attached a copy of a news article regarding the 2001 prosecution of Plaintiff and others in regard to "one of Atlanta's most

notorious child prostitution rings."[1] (Id., Attach.) Plaintiff complains of the pain and suffering this article has caused him to endure and seeks $1,000,000 in damages based on Defendants' alleged liability for "a false article . . . written about an innocent individual such as myself." (Id. at 6-8.)

Plaintiff, using a prisoner form complaint, checked the line that indicates an intent to bring a Bivens action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971) (holding that the violation of a person's constitutional rights by a federal official, acting under color of federal law, may give rise to a federal action under 28 U.S.C. § 1331). In order to state a Bivens claim for relief, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United

---

[1] In 2001, Plaintiff and fourteen others were indicted on numerous violations of federal law pertaining to the prostitution of juveniles. See United States v. Pipkins, 378 F.3d 1281 (11th Cir. 2004), reinstated, 412 F.3d 1251, cert. denied, _ U.S. _, 126 S. Ct. 591 (2005). In 2002, Plaintiff was convicted on numerous counts of racketeering, coercion or enticement of a female who has not attained the age of eighteen, interstate transportation in aid of racketeering/prostitution, interference with commerce by threat or violence, sale into involuntary servitude, and distribution of a controlled substance to persons under the age of twenty-one. United States v. Moore, 1:01-cr-0074-JOF-2 (N.D. Ga. Sept. 6, 2002). See Pipkins, 378 F.3d at 1292-94 (affirming Plaintiff's convictions and stating that the evidence showed that Plaintiff was a "central figure among the pimps" and maintained and abused many juvenile prostitutes).

States and (2) was committed by a person acting under color of federal law. See Bivens, 403 U.S. at 389. See also West v. Atkins, 487 U.S. 42, 48 (1988) (defining 42 U.S.C. § 1983 cause of action); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (stating that § 1983 law generally applies to Bivens actions). If Plaintiff intended to present a Bivens claim for the violation of his civil rights, that claim fails because Plaintiff does not allege that either Defendant was acting under color of federal law. See Bivens, 403 U.S. at 389. Plaintiff does not otherwise indicate the basis for this Court's jurisdiction, and because, as discussed below, this Court finds no ground on which to exercise jurisdiction over this controversy, this case must be dismissed.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Arbaugh v. Y&H Corp., 546 U.S. 500, _, 126 S.Ct. 1235, 1244 (2006) (quotation marks, brackets, and internal citations

omitted). Diversity jurisdiction is unavailable because Plaintiff and Defendants are both in Georgia and Plaintiff fails to show diversity of citizenship. See 28 U.S.C. § 1332(a). Further, Plaintiff points to no federal statute governing defamation by a private party, and this Court is not aware of any. Accordingly, there is no basis for jurisdiction under § 1331.

### III. Conclusion

For the reasons stated above, **IT IS ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED** this 4 day of April, 2007.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE